UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
MARIA DIMAGGIO, on behalf of her minor
child, C.D.,

                        Plaintiff,                        **ORDER**
                                                         18-cv-5993 (DRH)(AYS)
   -against-

THE ROCKY POINT UNION FREE
SCHOOL DISTRICT, THE BOARD OF
EDUCATION OF THE ROCKY POINT
UNION FREE SCHOOL DISTRICT, SUSAN
SULLIVAN, SEAN CALLAHAN, GREG
AMENDOLA, ED CASSWELL, JOSPEH
CONIGLIONE, ANDREA MOSCATIELLO,
KRISTEN WHITE, VIRGINIA KELLY-
GIBBONS, MARC MUCHNIK, and FIRST
STUDENT, INC.,

                        Defendants.
---------------------------------------------------------x

**HURLEY, Senior District Judge:**

## INTRODUCTION

Presently before the Court is Plaintiff's motion for reconsideration of this Court's denial of Plaintiff's December 10, 2018 motion for a preliminary injunction ("PI"). Plaintiff requests that the Court reverse its December 11, 2018 Order denying the motion for a PI and dismissing the action with regards to Defendant First Student, Inc. For the reasons discussed below, Plaintiff's motion for reconsideration is denied in its entirety.

## BACKGROUND

Plaintiff brought this action on December 25, 2018, against Defendants Rocky Point Union Free School District and the Board of Education of the Rocky Point Union Free School District (collectively, the "School Defendants"). Plaintiff initiated the proceedings by filing a

proposed Order to Show Cause seeking a PI against the School Defendants that would require the School Defendants to provide Plaintiff's minor child with an individual bus aid and food/or juice if he exhibited symptoms of hypoglycemia while in transit to or from school. Plaintiff alleged that these accommodations were required by his Section 504 Plan pursuant to Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. On November 6, 2018, Plaintiff filed an Amended Complaint adding the individual members of the school board, as well as First Student, Inc.—the corporation that owns the bus on which Plaintiff's minor child is transported to school.

After several adjournments, the Court held an Order to Show Cause hearing on November 30, 2018. Only Plaintiff and the School Defendants were required to be appear. During the hearing, the Court considered oral arguments from both sides, and found that it lacked subject matter jurisdiction. *See, e.g.*, *Cave v. East Meadow Union Free School Dist.*, 514 F.3d 240, 246 (2d Cir. 2008) (holding that complainants must exhaust administrative remedies "not only when they wish to file a suit under the IDEA [Individuals with Disabilities Education Act] itself, but also whenever they assert claims for relief *available* under the IDEA, regardless of the statutory basis of their complaint."). The Court denied Plaintiff's motion for a preliminary injunction.

On December 10, 2018, Plaintiff brought a second motion for a preliminary injunction—this time against Defendant First Student, Inc.—seeking the same relief as the original motion for a preliminary injunction. On December 11, 2018, the Court denied the second motion and dismissed the entire action with prejudice for lack of subject matter jurisdiction.

# DISCUSSION

## I.  Legal Standard

The decision to grant or deny a motion for reconsideration lies squarely within the discretion of the district court. *See Devlin v. Transp. Comm'ns Int'l Union,* 175 F.3d 121, 132 (2d Cir. 1999). The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or [factual] data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995); *accord Arum v. Miller,* 304 F. Supp. 2d 344, 347 (E.D.N.Y. 2003); *see also U.S. Titan, Inc. v. Guangzhou Men Hua Shipping Co.,* 182 F.R.D. 97, 100 (S.D.N.Y. 1998) (concluding that a motion for reconsideration under Local Civil Rule 6.3 "provides the Court with an opportunity to correct manifest errors of law or fact, hear newly discovered evidence, consider a change in the applicable law or prevent manifest injustice"). The moving party, however, may not repeat "arguments already briefed, considered and decided." *Schonberger v. Serchuk,* 742 F. Supp. 108, 119 (S.D.N.Y. 1990); *accord Polsby v. St. Martin's Press, Inc.,* 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000); *see also Medoy v. Warnaco Employees' Long Term Disability Ins. Plan,* 2006 WL 355137 (E.D.N.Y. Feb. 15, 2006) ("The standard for ... reconsideration is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court.").

## II.  Plaintiff's Motion is Denied

Plaintiff avers that the Court has subject matter jurisdiction over Defendant First Student, Inc. because it is a private corporation. This argument is unavailing. Each of the Amended

Complaint's three federal claims require state actors.  As Plaintiff concedes, Defendant First Student is a private corporation.  Accordingly, all the Federal claims against Defendant First Student have been properly dismissed.  As to the remaining state law claims, "[i]t would [] be clearly inappropriate for the district court to retain jurisdiction over the state law claims when there is no basis for supplemental jurisdiction." *Cave*, 514 F.3d at 250 (citing 28 U.S.C. § 1367(c)(3)).  Plaintiff has not asserted any other basis for jurisdiction.[1]  As such, the motion for reconsideration is denied in its entirety.

**SO ORDERED.**

Dated: Central Islip, New York
        January 8, 2019

                                                    /s/
                                            Denis R. Hurley
                                            Unites States District Judge

---

[1] In fact, Plaintiff has not properly alleged Defendant First Student's citizenship.  A corporation is a citizen of its state of incorporation *and* its principal place of business.  28 U.S.C. § 1332(c)(1); *Pierre v. Melrose Credit Union*, 2018 WL 3057686, at *4 (E.D.N.Y. June 19, 2018) (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010)).